## Case No. 7,211.

### JANNEY v. The BELLE LEE.

[12 Int. Rev. Rec. 123; 2 Chi. Leg. News, 405.]

District Court, S. D. Mississippi. June Term, 1870.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Harris & Harris and W. & J. R. Yerger, for libellant.

Pitman & Featheree, for respondent.

HILL, District Judge. This libel is prosecuted to recover the sum of $2,918 41, alleged to be balance due libellant of a sum advanced to the clerk of the Belle Lee to prevent her seizure in the port of New Orleans, for the payment of a debt due by the former owners of the boat, for funds advanced to finish and furnish said boat when first launched. There is no controversy as to the sum due, or the liabilities of the boat when the advance was made; the only question being whether or not it created such a maritime lien on the boat as entitles the libellant to seizure and sale for the satisfaction of his demand. It is admitted that the Belle Lee, at the time this advance was made, was subject to all the rules of maritime law of a vessel in a foreign port. The master of a vessel in a foreign port may create a lien upon the vessel for necessary repairs or supplies, or for any other purpose necessary to enable him to continue and complete his voyage, provided the same cannot be procured by other means within the control of the master. Ordinarily this can only be done by the master in command, as he is the confidential agent of the owners; but, if some other officer is intrusted with the financial affairs of the vessel, I can see no reason why he may not create this liability, and whatever contract may be made by the clerk or other officer, with the knowledge and consent of the master, it must be held as his act, and the owners bound thereby.

It is insisted by the respondent, that this advance, being made to the clerk and not to the master, did not create a lien upon the vessel. The funds were procured by the consent of the master, and so far as this defence is concerned, it is not well taken; neither do I think is the objection of staleness well taken, under the facts as proven in this case, however it might be against persons acquiring rights against the vessel bona fide and without notice of libellant's claim. But it is unnecessary to consider these questions further, as the case must turn upon another point. In the case of Thomas v. Osborn, 18 How. [59 U. S.] 22, it is held that by the marine law, it does not matter whether the repairs and supplies are furnished, or the money is furnished for their purchase, the lien is equally created. A lien may be created to release the vessel from an actual but not from a threatened seizure, as held in the case of The Aurora, 1 Wheat. [14 U. S.] 96; also, in the case of The Boston [Case No. 1,669]. This was only a threatened seizure. Had the Belle Lee, at the time the advance was made, been actually seized for the payment of the debt due

to Kennet & Bell, although an antecedent debt, and one which did not create a lien, it would nevertheless, in the absence of other means to satisfy the same, have been a necessary advance, to enable the boat to pursue her voyage, and would have created the lien; but there having been no such actual seizure, the lien was not created, and the libellant must look to the party to whom he made the advance, and to the then owners of the Belle Lee, for payment. The libel must be dismissed at the cost of the libellant.